

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5256 | **DATE** | 7-5-2012 |
| **CASE TITLE** | Daniel Clark (2011-1122234) v. John Doe | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to proceed *in forma pauperis* [3] is denied, without prejudice. The plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action [that is, from January 2, 2012 through July 2, 2012]. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide the plaintiff with a blank i.f.p. petition along with a copy of this order. The plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

*Suzanne B. Conlon*

Docketing to mail notices.

■ [For further details see text below.]

## STATEMENT

The plaintiff, a Cook County Jail detainee, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Chicago police officers, violated his constitutional rights during a traffic stop and detention at the police station.

The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this court. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, the plaintiff's i.f.p. petition does not include copies of his jail trust fund ledgers.

**(CONTINUED)**

| | cr |
|---|---|

**STATEMENT (continued)**

In short, if the plaintiff wants to proceed with this lawsuit, he must submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from January 2, 2012 through July 2, 2012]. The Clerk will provide the plaintiff with a blank i.f.p. application. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).